Filed 1/13/25  P. v. Juarez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ORLANDO HERNANDEZ JUAREZ,<br><br>    Defendant and Appellant. | D082954<br><br><br>(Super. Ct. No. SCD296298) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed in part and dismissed in part.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

A jury decided—as a matter of fact—that Orlando Hernandez Juarez inflicted great bodily injury on his girlfriend when he beat, bit, and strangled her before raping her.  On appeal, Juarez contends the jury's finding of great

bodily injury is not supported by substantial evidence. But the record here supports the jury's finding, so we affirm on that point. We dismiss the remainder of Juarez's appeal without prejudice given his subsequent resentencing and pending appeal on those issues.

## I.

A jury found Juarez guilty of forcible rape (Pen. Code, § 261, subd. (a)(2); count 1); corporal injury to a person with whom he was in a dating relationship (§ 273.5(a); count 2); false imprisonment by violence or menace (§ 236/237(a); count 3); and attempting to dissuade a witness from reporting a crime (§ 136.1(b)(1); count 4). For count 2, the jury also found true that, in the commission of the offense, Juarez personally inflicted great bodily injury on the victim under circumstances involving domestic violence. (§ 12022.7(e).) We limit our description of the facts to those relevant to the great bodily injury finding.

## A.

At trial, the victim, Lilia T., testified about what happened the evening Juarez raped her.

The evening started with Lilia bringing her car over to Juarez's residence so he could change its oil. Juarez and Lilia had been dating for a few months.

When Lilia heard a commotion nearby and asked Juarez about it, he told Lilia it was none of her business and pushed her inside the residence. Once inside, Juarez pulled Lilia's hand so hard he fractured her pinky finger. He then punched her in the face—hard—"several" times.

After pushing Lilia into his bedroom and locking her in, Juarez "continued beating [her] up, hitting [her]." He strangled Lilia until she could

not breathe and lost consciousness for a few minutes.  Juarez bit her breasts and her leg.

Juarez then ripped off Lilia's clothes and had sex with her despite her protest.  Only after Juarez fell asleep could Lilia escape, at which point she "left running."

The attack left Lilia feeling like she had been "beaten like a . . . dog." Her breasts and neck were "all purple."

## B.

Medical professionals who treated Lilia the next day confirmed her injuries as consistent with her telling of events.

A physician assistant remembered Lilia's case "specifically" because the "well-defined and easy-to-identify bruises" and bite marks on her neck, chest, and thigh "stood out."  Although a medical imaging scan of Lilia's neck did not indicate any potentially life-threatening injuries, the physician assistant explained someone who has been strangled can have a normal scan. Speaking generally, the physician assistant noted a fractured finger usually takes four to six weeks to heal and leaves "somewhat of a deformity" "[m]ost of the time" because the bone often does not line up exactly as it had before.

A forensic nurse testified that Lilia reported physical symptoms of strangulation, including a headache, neck tenderness, and painful swallowing.  In her experience, lack of other symptoms, like burst capillaries leaving spots under the skin called petechiae, does not rule out strangulation.

## II.

Juarez appeals the jury's finding of great bodily injury and various aspects of his original sentence.  Because the trial court resentenced Juarez after he filed this appeal, we address only his great bodily injury claim and dismiss the remaining claims.

3

A.

Juarez contends no jury could have found great bodily injury on this record. We disagree.

We review challenges to the sufficiency of the evidence through a highly deferential lens. We view the evidence "in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) We will not reverse unless under "no hypothesis" whatsoever could substantial evidence support the jury's verdict. (*Ibid.*)

Great bodily injury means "a significant or substantial physical injury." (§ 12022.7(f).) "[T]o be significant or substantial[,] the injury need not be so grave as to cause the victim permanent, prolonged, or protracted bodily damage." (*People v. Cross* (2008) 45 Cal.4th 58, 64 [cleaned up].) It must only be greater than minor or moderate harm. (*In re Cabrera* (2023) 14 Cal.5th 476, 484.) Time and again, our Supreme Court has emphasized that it is a factual question—left to the jury's discretion—to draw the "fine line between injuries that qualify as great bodily injury and those that do not." (*Id.* at pp. 484–485 [cleaned up].)

Here, Juarez's attempts to downplay Lilia's injuries are unpersuasive. For example, he notes her fractured finger was neither life-threatening nor required surgery or stitches. "[B]one fractures exist on a continuum of severity from significant and substantial to minor." (*People v. Nava* (1989) 207 Cal.App.3d 1490, 1496.) It remains "the jury's responsibility to determine where along that continuum it believes the harm becomes a significant or substantial physical injury rather than a moderate or minor one." (*In re Cabrera*, 14 Cal.5th at p. 485 [cleaned up].) *Nava*'s reversal of

4

the jury's great bodily injury finding based on an erroneous instruction that a bone fracture constitutes great bodily injury *as a matter of law* does not preclude the jury from finding great bodily injury *as a matter of fact* here, where Juarez claims no such instructional error. (*Nava*, at pp. 1498–1499.)

Besides, a fractured finger is not the only injury Juarez inflicted. He also strangled Lilia into unconsciousness, punched her face several times, and bit her multiple times hard enough to leave marks that stood out to the physician assistant. Despite conceding the jury found Lilia's "version of events credible," Juarez tries to undermine Lilia's reported injuries given the absence of trauma to her face or petechiae or internal injury to her neck. That Juarez could have beaten Lilia more severely does not diminish the damage he did and the jury's findings on it. For the same reason, that other "[c]ases finding great bodily injury involved more significant injury than suffered in this case by Lilia" makes no difference here. To succeed on appeal, Juarez had to convince us no jury could have reasonably found great bodily injury here. He has not.

In sum, viewing the evidence through a deferential lens as we must, substantial evidence supports the jury's great bodily injury finding.

### B.

Juarez also appeals various aspects of the original sentence imposed. Those claims of error, however, became moot when the trial court on its own recalled the original sentence and resentenced Juarez to a shorter total prison term. Although Juarez asks us in reply to recalculate custody credits to account for the new sentencing date, that issue would be better addressed in the pending appeal from the resentencing. Accordingly, we dismiss the remainder of this appeal without prejudice.

### III.

We affirm the jury's finding of great bodily injury on count 2. We dismiss the remainder of the appeal without prejudice.

CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


KELETY, J.